Judge Roane
pronounced this Courts’ opinion.
The Court (not meaning to establish a general principle that, in all cases, in which property is held under a deed recorded accompanied by possession, a fraud can be only charged regularly in a bill brought to set aside such deed,) is of opinion that as, in this case, the date of the Deed in question is sworn to be that of its execution by all the plaintiffs, including the trustee, who appears to have no interest except as a party to the suit, and it not being charged in the answers, or any of them, that the said Deed was in fact antedated, the Chancellor erred in dissolving the Injunction on the supposed ground that it was so antedated. The Court is therefore of opinion, that the Decree be reversed, and the injunction be re-instated; but that the same may be dissolved hereafter as to the value or amount of any supplies shewn to have been furnished for the proper support of the appellant Scott and Ms wife. This Decree, however, is without prejudice to any suit that may be hereafter brought by the defendants, or any of them, for the purpose of setting aside the Deed in question, on the ground aforesaid, or any other.